IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-39,238-02





EX PARTE MICHAEL LYNN RILEY







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 12,101(B) FROM THE


402
ND DISTRICT COURT OF WOOD COUNTY





Per Curiam.

ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas Code
of Criminal Procedure, Article 11.071, Section 5. Applicant asserts he is mentally retarded
and cannot be executed.

 Applicant's first conviction for capital murder was reversed by this Court. Riley v.
State, 889 S.W.2d 290 (Tex. Crim. App. 1993). After remand for a new trial a death sentence
was again imposed by the trial court on September 6, 1995. We affirmed the conviction and
sentence. Riley v. State, AP-72,229 (Tex. Crim. App. May 28, 1997). On April 1, 1998,
applicant filed his initial application for writ of habeas corpus pursuant to Article 11.071. We
denied relief. Ex parte Riley, WR-39,238-01 (Tex. Crim. App. December 16, 1998).

 In this subsequent application, he alleged he is mentally retarded under Atkins v.
Virginia, 536 U.S. 304, 122 S.Ct. 2242 (2002), and may not be executed. We found his claim
met the requirements of Texas Code of Criminal Procedure, Article 11.071, Section 5 for
consideration of the claim and remanded the issue to the convicting court for resolution. The
convicting court conducted a hearing, made findings of fact and conclusions of law, and has
recommended that relief be denied.

 We have reviewed the record and conclude that the findings of the convicting court are
supported by the record and we adopt them as our own. Applicant has failed to show that he
is mentally retarded and the relief sought by this application is denied. The previous order
staying execution is dissolved.

 IT IS SO ORDERED THIS THE 12TH DAY OF SEPTEMBER, 2007.

Do Not Publish